# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 17-1387 ODW (SS)                        Date: June 6, 2017
                                                      Page 1 of 8

Title:     Albert Hamilton v. Department of Corrections

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION OR AS UNTIMELY FILED**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

Effective February 6, 2017, Albert Hamilton ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1). Petitioner principally challenges a June 9, 2003 decision of the California Board of Prison Terms which revoked Petitioner's parole and sentenced him to "one full year on each [of four] count[s]" based

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed when the prisoner delivers it to prison authorities for mailing. Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). Here, the Court uses the date the Petition was signed as the constructive filing date. (Petition at 8). Throughout this Order, the Court cites Petitioner's filings using the pagination provided by the Court's electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.     CV 17-1387 ODW (SS) | Date: June 6, 2017 |
| | Page 2 of 8 |

Title:     Albert Hamilton v. Department of Corrections

upon an allegedly nonexistent or "illegal" kidnapping conviction under California Penal Code § 207.² (Id. at 2-3; Dkt. No. 1-5 at 9 (alleging that the Board of Prison Terms imposed a 365-day prison sentence)). Based upon Petitioner's allegations and the exhibits to the Petition, it also appears that Petitioner may be attempting to challenge: (1) Inmate Classification Committee decisions assigning him to less desirable prison housing or a more restrictive classification status based on the "illegal" conviction; or (2) the availability or sufficiency of administrative review of these decisions. (See Petition at 6; Dkt. No. 1-2 at 32-43 (several classification committee decisions or related reports assigning Petitioner "[a]utomatic VIO" status "due to good cause finding . . . for kidnapping"); Dkt. No. 1-3 at 35-36 (state court decision noting that Petitioner "complains that prison officials have wrongfully included in his records a determination that he committed a kidnapping"); Dkt. No. 1-5 at 10-11 (state habeas corpus petition alleging that, in 2014 and 2015, Petitioner appeared before various classification committees and staff "refused to remove[]" the "illegal" conviction)).

       As discussed below, it appears that the Petition may be subject to dismissal for lack of jurisdiction or as untimely filed.

**To The Extent That The Petition Challenges A 2003 Board Of Prison Terms Decision, Petitioner May Not Be "In Custody" Pursuant To That Decision, And This Action May Have Been Untimely Filed**

       A section 2254 petitioner must show that he is "in custody" pursuant to the challenged state court decision at the time his petition is filed. 28 U.S.C. § 2254(a); see Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Petitioner claims that, as a result of the Board of Prison Terms' 2003 decision, he was sentenced to a year's imprisonment on each of four counts with an anticipated release date in 2004. (Petition at 2-3; Dkt. No. 1-5 at 9).

---

² In 2005, the Board of Prison Terms was abolished and replaced with the Board of Parole Hearings. See Cal. Penal Code § 5075(a) (2017) ("As of July 1, 2005, any reference to the Board of Prison Terms . . . refers to the Board of Parole Hearings. As of that date, the Board of Prison Terms is abolished.").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 17-1387 ODW (SS) | Date:  June 6, 2017 |
| | Page 3 of 8 |

Title:    Albert Hamilton v. Department of Corrections

---

The Petition was not filed until February 6, 2017, long after Petitioner's term of imprisonment was set to expire. Moreover, in another action pending before this Court, Petitioner challenges a 2014 conviction for corporal injury to a spouse for which he is currently serving a thirteen-year sentence. See Hamilton v. Warden, CV 17-0987 SS (C.D. Cal. 2017), Dkt. No. 1. This suggests that Petitioner completed the term of imprisonment at issue in this action, was released from prison, subsequently engaged in different criminal activity for which he is now "in custody," and is therefore no longer "in custody" as a result of the decision at issue in this action. If Petitioner wishes to challenge the Board of Prison Terms' 2003 decision, in response to this OSC Petitioner must provide any facts demonstrating that he is "in custody" due to that decision.

Even if Petitioner is "in custody" due to the challenged decision, the Petition may be untimely with respect to that decision. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 17-1387 ODW (SS)                    Date: June 6, 2017
                                                   Page 4 of 8

Title:      Albert Hamilton v. Department of Corrections

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The "one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision[,]" such as the denial or revocation of parole. See Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004) (citation omitted); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). For prisoners challenging administrative decisions, "AEDPA's statute of limitations begins running . . . on the date the administrative decision became final." Redd, 343 F.3d at 1084 (citations omitted); Shelby, 391 F.3d at 1066.

Petitioner alleges that the Board of Prison Terms issued its decision revoking parole on June 9, 2003. (Petition at 2; Dkt. No. 1-2 at 26). It does not appear that Petitioner administratively appealed that decision. Therefore, it appears that, at the latest, the decision became final on September 7, 2003, ninety days after the decision was issued. See 15 Cal. Code of Regs. §§ 2041, 2052 (2003).[3] The limitations period began to run the next day on September 8, 2003, and expired on September 8, 2004. The instant Petition was not filed until February 6, 2017. Absent tolling, it is untimely by over twelve years.
\\
\\
\\

---

[3] In 2004, California repealed its regulations related to administrative appeals of parole decisions. See, e.g., Jacobson v. Schwarzenegger, 357 F.Supp.2d 1198, 1208 (C.D. Cal. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 17-1387 ODW (SS)                    Date: June 6, 2017
                                                   Page 5 of 8

Title:      Albert Hamilton v. Department of Corrections

AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). The time prior to the filing of a state habeas corpus petition is not subject to statutory tolling. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007). Additionally, state habeas petitions filed after the AEDPA limitations period expires do not reinitiate the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

It appears that Petitioner has filed multiple state habeas corpus petitions. (See, e.g., California Appellate Courts Case Information website, Case No. S209580, at http://appellatecases.courtinfo.ca.gov).[4] Although it is unclear whether these petitions challenged the Board of Prison Terms' decision, it appears that Petitioner's earliest state habeas petition was filed in 2013, nearly a decade after the limitations period had expired. (See id.). Therefore, statutory tolling does not render this action timely. See Ferguson, 321 F.3d at 823. Petitioner should allege any additional facts supporting a claim for statutory tolling in any response to this OSC.

In addition to statutory tolling, the AEDPA limitations period may be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights throughout the period that he seeks to toll; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010); Roy v. Lampert, 465 F.3d 964, 972-73 (9th Cir. 2006). Petitioner makes no showing of the type of "extraordinary circumstances" that might give rise to equitable tolling, nor does he demonstrate that he acted diligently throughout the lengthy period of time that he would need to toll to render this action timely. Petitioner therefore has not demonstrated that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show equitable tolling). Petitioner

---

[4] The Court takes judicial notice of state court documents relevant to the disposition of this case. See United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 17-1387 ODW (SS)                    Date: June 6, 2017
                                                     Page 6 of 8

Title:     Albert Hamilton v. Department of Corrections

should allege any additional facts supporting a claim for equitable tolling in his response to this OSC.

**To The Extent That The Petition Challenges Inmate Classification Committee Decisions Or The Availability Or Sufficiency Of Administrative Review Of These Decisions, This Court May Lack Jurisdiction**

"[F]ederal courts are courts of limited jurisdiction . . . empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by a jurisdictional grant by Congress."  United States v. Jacobo Castillo, 496 F.3d 947, 951 (9th Cir. 2007) (internal quotation marks omitted).  "Defects in [the court's] subject-matter jurisdiction go to the inherent power of the court [to hear the claim] and cannot be waived or forfeited."  Id. at 952.  Habeas corpus relief is available if a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A district court's jurisdiction to adjudicate a habeas corpus petition is limited to challenges to the "fact or duration" of a petitioner's confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 489-98 (1973); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action is proper mechanism for challenging "legality or duration" of confinement); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("[A] § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus.").

The Petition appears in part to challenge the decisions of Inmate Classification Committees or the availability or sufficiency of administrative review of these decisions. (See Petition at 6; Dkt. No. 1-2 at 32-43; Dkt. No. 1-3 at 35-36; Dkt. No. 1-5 at 10-11). However, it does not appear that the Court could grant any relief on these claims that would necessarily shorten Petitioner's sentence or directly affect the "fact or duration" of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 17-1387 ODW (SS) | Date: June 6, 2017 |
| | Page 7 of 8 |

Title:         Albert Hamilton v. Department of Corrections

his confinement.[5]  Therefore, the Court likely lacks jurisdiction to adjudicate these claims, and any response to this OSC should clarify why the Court has jurisdiction to adjudicate them.

**Conclusion**

For the foregoing reasons, Petitioner is ORDERED to respond to this OSC **within fourteen (14) days** to show cause why this action should not be dismissed for lack of jurisdiction and/or pursuant to the AEDPA one-year period of limitation.

After the Court receives a response to this OSC or an amended petition clarifying what Petitioner is challenging, the Court may prepare a Report and Recommendation for submission to the District Judge.  This OSC is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant OSC, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this OSC may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P.**

---

[5] The Court also observes that prisoners have no constitutionally protected liberty interest in being housed at a particular prison or in a particular classification status, see Meachum v. Fano, 427 U.S. 215, 225-27 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007), or in the availability of any particular administrative grievance procedure, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 17-1387 ODW (SS) | Date: June 6, 2017 |
| | Page 8 of 8 |

Title:    Albert Hamilton v. Department of Corrections

**41(b).** The Clerk of Court is directed to serve a copy of this OSC on Petitioner at his current address of record.

       IT IS SO ORDERED.